MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Demetrius Tisdale appeals his conviction in the Circuit Court of Neshoba County of sale less than 30 grams of marijuana and sentence of two and one-half years in the custody of the Mississippi Department of Corrections. Tisdale argues that the jury’s verdict was against the overwhelming weight of the evidence. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On April 11, 2006, Officer Neal Hig-gason set up a pre-buy meeting with a confidential informant, Bobby Stanley
 
 *958
 
 (Bobby), for the purpose of “making a buy” in Philadelphia, Mississippi. Officer Higgason, with another officer witnessing, searched Bobby, his wife, Nicolette Stanley (Nieolette), and the Stanleys’ vehicle. Officer Higgason then provided Bobby with $20 to make the buy and outfitted him with a concealed wire and camera.
 

 ¶ 3. At trial, the State produced testimony that Bobby then telephoned someone he called “Mete” to set up a purchase of marijuana. Officer Higgason testified that he kept a visual on the Stanleys during the buy and personally witnessed Tisdale pick up Bobby from the buy location, drive around the block, and return him to the same location. Officer Higgason then recovered what was later determined to be 2.1 grams of marijuana from Bobby.
 

 WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
 

 ¶4. In
 
 Bush v. State,
 
 895 So.2d 886, 844(¶ 18) (Miss.2005), the supreme court discussed appellate review of the weight of the evidence supporting a jury’s verdict:
 

 When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.... However, the evidence should be weighed in the light most favorable to the verdict. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Rather, as the “thirteenth juror,” the court simply disagrees with the jury’s resolution of the conflicting testimony. This difference of opinion does not signify acquittal any more than a disagreement among the jurors themselves. Instead, the proper remedy is to grant a new trial.
 

 (Citations and internal quotations omitted).
 

 ¶ 5. Tisdale, who did not testify at trial and produced no witnesses in his defense, does not cite to any conflicting testimony. Rather, he argues on appeal that the officers failed to thoroughly search the Stan-leys prior to the buy and that the couple may have had the drugs in their possession prior to the sale. The Stanleys, he argues, had a motive to lie because they had outstanding fines and would not have been paid unless a sale was completed. Tisdale also elicited admissions from Bobby that he had used marijuana in the past and had a criminal record that included petit larceny.
 

 ¶ 6. Officer Higgason testified that he searched the Stanleys and their vehicle and did not find any drugs, paraphernalia, or money. Although he conceded on cross-examination that he did not perform an invasive search of Nicolette’s person or search her or her husband’s undergarments, he explained on redirect that he had followed departmental procedures and that he was satisfied with the search. Officer Higgason also testified that he followed the Stanleys to the buy location, witnessed Bobby enter Tisdale’s vehicle, followed it “around the block,” and identified Tisdale as the driver. Bobby testified that he purchased the marijuana from Tis-dale and that neither he nor his wife was in possession of drugs prior to the purchase. The testimony of both witnesses was corroborated by the surveillance videotape.
 

 ¶ 7. On our review of the record, viewing the above evidence in a light most favorable to the verdict, we find that the jury’s verdict was not so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.
 

 
 *959
 
 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF SALE OF MARIJUANA AND SENTENCE OF TWO AND ONE-HALF YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHO-BA COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.